UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN D. LEVITAN,
Plaintiff,

v. Case No. 3:24cv475/MCR/ZCB

GILEAD SCIENCES, INC., et al.,
Defendants.
_______________________________/

# REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's Motion to Remand to State Court (Doc. 7). According to Plaintiff, remand is necessary because there is neither diversity jurisdiction under 28 U.S.C. § 1332 nor federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 7 at 5, 7). Plaintiff also argues that removal was improper because removal was not unanimous under 28 U.S.C. § 1446(b). Defendants oppose remand. (Doc. 18). The Court agrees with Defendants.

## I. Federal Question Jurisdiction[1]

The district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022). The fact that a claim may ultimately lack merit does not mean that it cannot confer jurisdiction. *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1351-52 (11th Cir. 1998).

Plaintiff argues that there is no federal question jurisdiction because it is "apparent from Plaintiff's [c]omplaint that he was Libeled and Slandered under State of Florida law and that his basic rights were violated under the Constitution of the State of Florida." (Doc. 7 at 7). Defendants argue, however, that Plaintiff has alleged violations of

[1] Because there is clearly federal question jurisdiction in this case, it is unnecessary to address whether diversity jurisdiction exists. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (stating that a federal district court must have at least one type of subject matter jurisdiction).

federal law in his complaint. (*See* Doc. 18 at 22-24). The Court agrees with Defendants.

Plaintiff's complaint clearly cites to the U.S. Constitution for several of his claims. In Count 1, Plaintiff states that Defendants "acting under color of state law, violated Plaintiff's civil rights by conducting an unlawful search of Plaintiff's home *in violation of the Fourth Amendment to the United States Constitution* . . . ." (Doc. 1-1 at 11) (emphasis added). In Count 2, Plaintiff states that Defendants "acting under color of state law, violated Plaintiff's civil rights by conducting an unlawful search of Plaintiff's home and negating the Plaintiff's Right to Privacy *in violation of the Fourth Amendment to the United States Constitution* . . . ." (*Id.* at 12) (emphasis added). Plaintiff also states that Defendants "have violated Plaintiff's rights *under the First Amendment to the United States Constitution* . . . ." (*Id.* at 11) (emphasis added). Plaintiff cannot now obtain remand by arguing that he only intended to allege violations of state law when in several places in his complaint he clearly alleged that Defendants violated the U.S. Constitution. *See Onsite Screenings, LLC v. Hillsborough Cnty., Fla.*, No. 8:22-CV-1369-TPB-AEP, 2022 WL 2916824, at *1 (M.D. Fla. July 25, 2022) ("A review of the complaint

reflects that, among other things, Plaintiff asserts a due process claim under 42 U.S.C. § 1983 based on an alleged Fourth Amendment violation in Count XIV, and Plaintiff seeks declaratory relief in Count XVI citing to 42 U.S.C. § 1983 and a purported Fourth Amendment violation . . . . These claims present federal questions."); *see also Hill v. City of Atlanta*, No. 1:15cv01421, 2015 WL 13807615, at *2 (N.D. Ga. July 6, 2015) ("Federal question jurisdiction exists because Plaintiff Hill expressly asserts claims for false arrest, malicious prosecution, and excessive force in violation of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution . . . ."). Because there are several allegations of federal law violations on the face of Plaintiff's complaint, this Court has federal question jurisdiction under 28 U.S.C. § 1331. Thus, remand is unwarranted.

**II. Unanimity of Removal**

Lastly, Plaintiff argues that removal was improper because Defendant Gilead Sciences, Inc. "was served with the Summons and Complaint on October 13, 2024" and has not consented to removal "and it is unlikely that Gilead would agree to this improper removal." (Doc. 7 at 7-8). Plaintiff further argues that "if the present Defendants

represented Gilead Sciences, Inc. in this proceeding, doing so would implicate ethical violations of the law." (Id. at 8). It is unclear how these ethical allegations relate to whether or not removal was proper.

Defendants argue that, as Plaintiff admits, he did not serve Gilead until October 14, 2024, after a notice of removal had already been filed. (Doc. 18 at 25). Defendants state that it is immaterial whether Gilead consented because at the time of removal, Gilead was not properly joined and served. (*Id.*). Defendants also argue that the improper removal argument is now mooted by the fact that Gilead has consented to removal and joins in the opposition to remand. (*Id.*). The Court agrees with Defendants that removal was proper here.

When an action is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446. Defendants' notice of removal (Doc. 1) was filed on October 3, 2024. Plaintiff filed an affidavit of proof of service on Gilead wherein Plaintiff states that Gilead was not served until October 14, 2024. (Doc. 6). Plaintiff also admits this fact in his

motion to remand.[2] (Doc. 7 at 7). Because Gilead was not served until after the notice of removal was filed, it was not required for Gilead to consent to removal when the notice of removal was filed. *See* 28 U.S.C. § 1446(b)(2)(b).[3] Thus, Plaintiff's argument that removal was improper lacks merit.

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion to Remand to State Court (Doc. 7) be **DENIED**.
2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida, this 12th day of November 2024.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

[2] Plaintiff's motion to remand states that Gilead was served on October 13, 2024, but cites to Document 6 on the docket which states October 14, 2024. Regardless, Gilead was not served with Plaintiff's complaint until after the notice of removal was filed on October 3, 2024.

[3] The Court notes that Gilead has consented to removal on November 1, 2024, which is less than 30 days after being served with the complaint. *See* 28 U.S.C. § 1446(b)(2)(B) (allowing a defendant 30 days after service to file a notice of removal).

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.